*Formatted for Electronic Distribution*                                                                                                                                     *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

**In re:**

    **Stephen M. Parizo and**　　　　　Filed & Entered　　　　　**Chapter 7 Case**
    **Mia R. Parizo,**　　　　　　　　　　On Docket　　　　　　　　**# 07-10834**
　　　　　　**Debtors.**　　　　　　　　February 26, 2008

_____

## ORDER
### FINDING ATTORNEY'S FEES TO BE REASONABLE
### AND CANCELLING HEARING

        On December 13, 2007, this Court issued an Order directing the Debtors' counsel to provide a narrative explanation for the attorney's fees he was charging the Debtors in this case (doc. # 5) (hereafter "the Order"). The Order set forth the following bases for the hearing: (1) the Rule 2016(b) Statement the Debtors filed showed that the Debtors' attorney had charged them $2,500 in legal fees for this chapter 7 case; (2) this fee is higher than the usual fee for a "simple" chapter 7 case in this District; (3) the record before the Court did not disclose or reveal any unique or complicated circumstances that might warrant the higher fee; and (4) the Court has an independent duty under 11 U.S.C. § 329 to examine the fees that debtors pay to their attorneys. (Id.) The Order also invited the case trustee and U.S. trustee to file statements with any information they had gleaned from the first § 341 meeting and/or through due diligence in connection with this case, that they deemed relevant to the reasonableness of the fee the Debtors paid to their attorney. (Id.) The Court set a hearing on the Order for March 4, 2008 with the caveat that the hearing would be cancelled if the Court entered an order addressing the fees prior to that date. (Id.)

        On January 22, 2008, the Debtors' attorney filed a memorandum explaining the complexities and unusual circumstances that supported the fees charged in this case (doc. # 9). First, in reviewing the Debtors' financial situation with them, the attorney had discovered that the Debtors had incurred certain consumer debts in the prior 70 days. He had researched how these debts would be treated under 11 U.S.C. § 523(a)(2)(C), and advised the Debtors of the risk that these debts might not be discharged if they filed their case at that time. Based upon this research and conversation, the Debtors decided to delay their bankruptcy filing for several months, which, in turn, required the attorney to meet with the Debtors several additional times to re-examine their financial circumstances closer to the time they were to file the instant case. Second, the attorney's due diligence revealed that the Debtors were listed as joint owners of bank accounts with their children, and this raised the issue of whether the funds in those accounts would be determined to be property of the bankruptcy estate. This required the attorney to perform extensive research under both the Bankruptcy Code and Vermont state law. Third, the time the attorney spent

addressing these issues, in addition to the time spent performing the typical services required in every chapter 7 case, all of which were detailed on billing records attached to his memorandum, would actually warrant a fee in excess of the $2500 flat fee he charged, if he had billed the Debtors at his customary hourly rate. (Id.)

The case trustee filed a statement in response to the Order stating that he agreed with the Court that $2,500 was more than most attorneys in this District would charge for a simple chapter 7 case (doc. # 10). However, the trustee further observed that, based upon his review of the attorney's memorandum and billing records, the attorney's fee appeared to him to be reasonable and to be justified both by the attorney's diligence in anticipating a potential point of contention for his clients and in conducting the research necessary to advise the Debtors of their risks vis a vis the pre-petition purchases and the bank accounts (Id.) The Office of the U.S. trustee ("UST") also filed a response to the Court's Order (doc. # 11). It took the position that, based upon the memorandum and billing statement filed by the Debtors' attorney, it would not object to the attorney's fees charged in this case. It also noted that the information in the attorney's memorandum should have been included in a timely 2016(b) Statement.[1] (Id.)

After due consideration of the memorandum and billing records filed by the Debtors' attorney explaining the basis for the attorney's fees charged in this case, and the well-reasoned responses from the case trustee and the U.S. trustee regarding whether the $2500 attorney's fee is warranted in this case,

THE COURT FINDS that the memorandum and billing records filed by the Debtors' attorney are sufficient to justify the fee charged, that no further action is required pursuant to 11 U.S.C. § 329, and that it is appropriate to treat the Debtors' attorney's memorandum as a supplement to the Rule 2016(b) Statement filed on December 12, 2007.[2]

Therefore, IT IS HEREBY ORDERED that the fee the Debtors' attorney charged in this case is reasonable and, accordingly, the hearing set for March 4, 2008 is cancelled.

**SO ORDERED.**

February 26, 2008  
Rutland, Vermont

_____  
Colleen A. Brown  
U.S. Bankruptcy Judge

---

[1] The UST commented in its response that it appeared that the Debtors had not filed a timely 2016(b) Statement; actually the Debtors had filed this with their petition. See doc. # 1, p. 30. However, the UST's observation that the explanation regarding the fee should have been included in the 2016(b) Statement is astute. If the Debtors' attorney had included an explanation of why he was charging a fee that was higher than the usual chapter 7 fee in that Statement, the Court would not have issued the Order.

[2] Since the Debtors did file a Rule 2016 Statement, the UST's request that the Court order the attorney to do so by a date certain is denied as moot.